IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHANIE EARLS,
    Plaintiff

v.

JOANN SEXTON and
LANDSTAR RANGER, INC.,
    Defendants

No. 3:09cv950

(Judge Munley)

## MEMORANDUM and ORDER

Before the court for disposition is a motion in limine filed by defendants JoAnn Sexton and Landstar Ranger, Inc. The matter has been fully briefed and is ripe for disposition.

### Background

This case involves an accident between a car, driven by Plaintiff Stephanie Earls and a tractor-trailer driven by Defendant Jo Ann Sexton in the scope of her employment with Defendant Landstar Ranger. According to the plaintiff, the tractor-trailer moved into plaintiff's lane of travel and struck her vehicle. Plaintiff lost control of her automobile and slid into a concrete barrier. Plaintiff suffered serious injuries, both physical and psychological, due to the accident.

In support of her claim of damages, specifically the psychological injuries she avers, plaintiff has presented the report of Elizabeth Hoke, a psychiatric nurse practitioner. Hoke treated plaintiff before and after the accident. Hoke indicates that plaintiff was doing well before the accident, however, the accident worsened her psychiatric problems. (Doc. 25, Def. Ex. B, Hoke's Report).

Defendants have filed a motion in limine to preclude Hoke from testifying. They assert that the Pennsylvania Professional Nursing Law prohibits Hoke from testifying as an expert with regard to the diagnosis and

causation of plaintiff's psychiatric injuries.

**Discussion**

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony. Rule 702 provides:

> If scientific technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court has explained that "the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence[.]" Salem v. United States Line Co., 370 U.S. 31, 35 (1962).

Defendants argue that the Pennsylvania Professional Nursing Law, 63 PENN. STAT. § 211, et seq. provides the guidelines under which a nurse is permitted to testify as an expert. The law provides that a nurse is not allowed to make "acts of medical diagnosis" therefore, defendant's position is that a nurse cannot provide expert testimony with regard to diagnosis.[1]

---

[1] Specifically, the Professional Nursing Law provides that the "practice of professional nursing":
> means diagnosing and treating human responses to actual or potential health problems through such services as case findings, health teaching, health counseling, and provision of care supportive to or restorative of life and well-being, and executing medical regimens as prescribed by a licensed physician or dentist. The foregoing shall not be deemed to include acts of medical diagnosis or prescription of medical therapeutic or corrective

2

After a careful review, we disagree.

While it appears that no federal courts have issued opinions on whether the Professional Nursing Law prohibits a nurse from testifying as an expert as to causation, the Pennsylvania Supreme Court has. The court concluded that the Professional Nursing Law does not prohibit a nurse from providing expert opinion testimony in a court of law regarding medical causation. Freed v. Geisinger Med. Ctr., 971 A.2d 1202, 1208 (Pa. 2009). The court reasoned that the law applies to the actual practice of nursing not to testifying in a court of law. That is, a nurse may not make a diagnosis as part of the nurse's employment. But that does not preclude a properly qualified nurse from testifying as an expert. Id. at 1210. The court explained: "Expert testimony offered in a court of law does not implicate a nursing regimen; there is no patient under treatment, no actual or potential health problem, no diagnosis or treatment, and no care is affected. Rather, the expert is offered merely to opine on past events or hypotheticals with respect to a case before the court." Id.

We agree with the reasoning of the Pennsylvania Supreme Court. The Professional Nursing Law does not prohibit a nurse from providing expert testimony regarding causation. Accordingly, the defendants' motion in limine (Doc. 25) is hereby **DENIED**.

Date: 5/28/10

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

---

measures. . .
63 PENN. STAT. § 212.

3